IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PORIFIRIO RAMIREZ,            §
(TDCJ # 1257015)              §
                              §
VS.                           §  CIVIL ACTION NO.4:09-CV-081-Y
                              §
BRAD LIVINGSTON, et al.       §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Porifirio Ramirez's case under the screening provisions of 28 U.S.C. § 1915A and 1915(e)(2)(B). Ramirez, housed at the Texas Department of Criminal Justice ("TDCJ")'s Michael unit, filed a form civil-rights complaint and attachments seeking relief under 42 U.S.C. § 1983, naming as defendants Brad Livingston, identified as executive director; and Warden Hunter and Sergeant Kelly at the Mineral Wells unit. (Compl. Style; ¶ IV(B).) Ramirez alleges that his personal property that was turned in while he was housed in the Mineral Wells unit was never forwarded to the Michael unit. He contends that when he requested return of his property, the warden responded to a grievance stating that "they have no record of my property." (Compl. § V; attachment pages 1-3.) Ramirez seeks the return of his property items and he seeks monetary damages to be compensated for any items lost. (Compl. ¶ V.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Ramirez's suit, the Court concludes that his claims for relief under 42 U.S.C. § 1983 must be dismissed under the authority of these provisions.

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[6] Plaintiff's allegations as to the deprivation of property fail to satisfy the first element.  Plaintiff Ramirez has not recited the constitutional basis for his claims, but it appears that he is complaining of a loss of property without due process of law. The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."[7]  Under the *Parrat/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy.[8] Thus, in challenging a random

---

[6] *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir. 1993).

[7] U.S. CONST. amend. XIV § 1.

[8] *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor*, 451 U.S. 527 (1981) and *Hudson v. Palmer*, 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.")

intentional property deprivation,[9] the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate.[10] Texas law allows recovery of monetary damages for loss of use of property during its period of detention.[11] Because Texas provides an adequate post-deprivation remedy, Ramirez's claim concerning the taking of his personal property does not rise to a violation of the Due Process Clause.[12] Thus, Ramirez's allegation concerning the loss of his personal property does not amount to a violation of a constitutional right, and such claim should be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §§ 1915(e)(2)(B)(i) and(ii).[13]

Therefore, all Porifirio Ramirez's claims for relief under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

---

[9] To the extent that Ramirez claims the loss of his property was only the result of negligence, such allegation also does not state a cause of action under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon,* 474 U.S. 344, 347 (1986)(noting where negligence is involved in causing a deprivation of property, no procedure for compensation is constitutionally required).

[10] *Hudson,* 468 U.S. at 534-35; *Myers,* 97 F.3d at 94.

[11] *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)(In Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex.Civ.App.-San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

[12] *See Hudson,* 468 U.S. at 536 (noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia provided the prisoner with an adequate post-deprivation remedy.)

[13] Such dismissal is, of course, without prejudice to Ramirez's right to assert any state law tort claims arising out of the same facts in state court.

(i) and (ii).

    SIGNED April 21, 2009.

                                                _/s/ Terry R. Means_____
                                                TERRY R. MEANS
                                                UNITED STATES DISTRICT JUDGE